```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                          CHARLESTON


1 STARR DALTON,

        Plaintiff,

v.                                          Case No. 2:08-cv-01217

W. VA. PAROLE BOARD, and
BENITA MURPHY, Chairperson,

        Defendants.
```

### PROPOSED FINDINGS AND RECOMMENDATION

On October 23, 2008, Plaintiff filed the instant complaint, alleging that the West Virginia Parole Board denied him his constitutional right to a parole release interview. The complaint states as follows [spelling corrected]:

> I, the plaintiff, 1Starr Dalton, who was, on the 22nd day of April, 1999, convicted for the offense of non-aggravated robbery; and who was, on the 24th day of May, 1999, sentence[d] to a definite term of eight (8) years pursuant [to] said conviction; and whose sentence was made effective from the date of February 13, 1999; and who, based thereon, because eligible for parole on the 13th day of February, 2001, will prove, beyond the shadow of a doubt, that the defendants flat out refused to consider me for parole and denied me my constitutional right to a parole release interview.
>
> I, the plaintiff, 1Starr Dalton, will also prove, beyond the shadow of a doubt, that the defendants have consciously and willfully deceived me into believing that I was never eligible for parole under that 8 year sentence and that that is the reason for why I never filed this claim until now.
>
> It is my principle contention that the defendants' unlawful abrogation of my substantial, constitutional

>      right to a parole release interview has caused me
>      grievous injuries indeed.

(Complaint, docket # 2, at 5.)  The relief sought by Plaintiff is $500,000 in compensatory damages and a letter of apology for the injuries caused him by the deliberate disregard of his constitutional rights.  <u>Id.</u>, at 6.

### Procedural History

Plaintiff applied to proceed without prepayment of fees and costs (# 1), which was granted.  After Plaintiff filed an Authorization to Release Institutional Account Information (# 5), process issued and was served by the U.S. Marshals Service.

On January 26, 2009, Defendants filed a motion to dismiss (# 10), supported by a memorandum (# 11).  Plaintiff has failed to file a response.  Defendants' memorandum contends that this action should be dismissed because it is barred by the doctrine of *res judicata* and because Defendants are entitled to immunity.  (# 11, at 4-5.)

### *Res Judicata*

Defendants assert that Plaintiff's complaint about his lack of a parole hearing in 2001 was the subject of a prior case filed by Plaintiff, <u>Dalton v. W. Va. Parole Board</u>, No. 2:08-cv-00956 (S.D. W. Va. Sept. 4, 2008).  Defendants are correct.  Plaintiff's complaint in No. 2:08-cv-00956 and in this case concern the same issue, and contain very similar language.  In No. 2:08-cv-00956, the undersigned recommended dismissal based on the Eleventh

Amendment to the Constitution, and the expiration of the application two-year statute of limitations. The Proposed Findings and Recommendation were adopted by Chief Judge Goodwin and the case was dismissed. Plaintiff did not appeal.

The undersigned proposes that the presiding District Judge **FIND** that Plaintiff's attempt to litigate the lack of a parole hearing has been previously adjudicated on the merits and is barred by the doctrine of *res judicata*.

### Immunity

In the case of Gilmore v. Bostic, No. 2:08-cv-00326 (S.D. W. Va. Mar. 27, 2009), the Hon. John T. Copenhaver, Jr. adopted proposed findings and recommendation submitted by the undersigned and ruled as follows:

> Case law in the Fourth Circuit and the State of West Virginia clearly provides that quasi-judicial immunity protects parole board members from section 1983 actions for damages. See, e.g., Pope v. Chew, 521 F.2d 400, 405 (4th Cir. 1975) ("Parole Board members have been held to perform a quasi-judicial function in considering applications for parole and thus to be immune from damages in § 1983 actions."); Parkulo v. West Virginia Board of Probation and Parole, 199 W. Va. 161, 483 S.E.2d 507, 525 (1997). The law is not so clear with respect to immunity in actions for injunctive relief. In Pulliam v. Allen, 466 U.S. 522, 537 (1984), the United States Supreme Court held that judicial immunity did not extend to claims for injunctive relief. Twelve years later, Congress passed the Federal Courts Improvement Act, amending section 1983 to bar injunctive relief "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

2009 WL 890681, slip op. at 17-18. The Gilmore v. Bostic decision

further determined that "[n]either the Supreme Court nor the Fourth Circuit has addressed whether section 1983 protects quasi-judicial actors, such as the West Virginia Parole Board members, from actions for injunctive relief, but the decided weight of authority has found that quasi-judicial actors are immune from such actions." [Cited cases omitted.]

The undersigned proposes that the presiding District Judge **FIND** that the West Virginia Parole Board (and its members in their official and individual capacities) is a quasi-judicial entity that is entitled to absolute judicial immunity from the plaintiff's suit for both damages and prospective, non-monetary relief. Moreover, the Board and its members in their official capacities are protected by the Eleventh Amendment to the Constitution.

Accordingly, it is respectfully **RECOMMENDED** that Defendants' motion to dismiss (# 10) be granted.

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have ten days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the

"Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Chief Judge Goodwin and this Magistrate Judge.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff and to counsel of record.

May 20, 2008
Date

Mary E. Stanley
United States Magistrate Judge

5